UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24646-CIV-MOORE/MCALILEY

JARVORUS GARY JACKSON,

      Plaintiff,

vs.

CAROLYN COLVIN, COMMISSIONER
of SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed an Unopposed Application for Attorney Fees Under the Equal Access to Justice Act. [DE 26]. The government does not challenge Plaintiff's right to recover the attorneys' fees requested. [*Id.* at p. 2 ¶ 8]. For the following reasons, I recommend that the Court grant this Motion and award Plaintiff $4,891.83 in attorneys' fees.

In this action Plaintiff asked this Court to review the final decision of the Commissioner of Social Security that Plaintiff was not entitled to receive social security supplemental income benefits. Plaintiff prevailed in this action when this Court remanded the matter to the Commissioner for further proceedings.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides that a party who prevails in a civil action against the United States shall be awarded attorney's fees and expenses "unless the court finds the position of the United States was substantially

1

justified or that special circumstances make an award unjust." There is no question that Plaintiff prevailed in this action and the government does not claim that its position was substantially justified or that an award would otherwise be unjust. Thus, Plaintiff is entitled to recover attorneys' fees.

### A. Hourly rate

As a general proposition, to determine the amount of attorney's fees to award Plaintiff, the Court must multiply the number of hours Plaintiff's counsel reasonably expended, by a reasonable hourly rate, to reach a "lodestar" amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Where entitlement to attorneys' fees arises under the EAJA, that statute provides this methodology for determining a reasonable hourly rate: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Thus, this Court must engage in a two-step process here. First, it must determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Second, if the Court finds that the market rate is greater that than $125.00 per hour, it must then determine whether to adjust the hourly fee upward to take into account the increase in the cost of living or a special factor. *Meyer v. Sullivan*, 958

F.2d 1029, 1033 (11th Cir. 1992).

It is undisputed that the market rate for similar services provided by lawyers of reasonably comparable skills, experience and reputation is well above the $125.00 per hour provided for by the EAJA. Plaintiff asks the Court to apply a cost-of-living adjustment to raise the hourly rate to $188.51, and again, the government does not object. [DE 26, p. 5]. Notably, this Circuit has observed that the Supreme Court has implied that the application of the cost-of-living adjustment is "next to automatic," *Meyer*, 958 F.2d at 1035 n. 9, and I recommend that it be applied here.

### B.   Hours reasonably expended

The second half of the attorney's fees calculation is the hours reasonably expended. Plaintiff's counsel billed a total of 25.95 hours on this matter and has provided the Court with detailed billing records. [DE 26-1]. I have carefully reviewed the billing records, and the docket in the matter, and find that these hours were reasonably expended prosecuting this action. Again, the government does not challenge the hours claimed.

### C.   Recommendation

Based on the foregoing, I respectfully recommend that this Court grant Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act [DE 26], and award Plaintiff $4,891.83 in attorney's fees.[1]

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore within **fourteen days** of the date of this Report and

---

[1] 25.95 hours x $188.51 = $4891.83.

3

Recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida, this 5th day of July, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record